# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARK BRADFORD BENSON, *et al.*,

    Plaintiffs,

v.                                                  Case No: 8:21-cv-2060-CEH-AAS

HERNANDO COUNTY SCHOOL
DISTRICT BOARD, JOHN
STRATTON, DENNIS ALFONSO,
LINDA K. PRESCOTT, SUSAN
DUVAL, KAY HATCH, GUS
GUADAGNINO, RAYMOND
PINDER and B. CROFT,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on Plaintiff Mark Bradford Benson's Complaint and Emergency Motion for Injunctive Relief,[1] which the Court construes as a motion seeking a temporary restraining order or preliminary injunction (Doc. 1), filed on August 26, 2021. In the construed motion, Plaintiff seeks to enjoin the Hernando County School Board from conducting a meeting on August 31, 2021, to vote on a mask mandate for the Hernando County public schools. The Court, having considered the construed motion and being fully advised in the premises, will deny Plaintiff's construed motion for temporary restraining order or preliminary injunction

---

[1] Plaintiff Mark Bradford Benson identifies twelve other individuals as plaintiffs in this action. However, the other individuals did not sign the complaint and Plaintiff Mark Bradford Benson, who is proceeding *pro se*, cannot represent them.

for failure to comply with Fed. R. Civ. P. 65 and the M.D. Fla. Local Rules 6.01 and 6.02.

## DISCUSSION

On August 26, 2021, Plaintiff Mark Bradford Benson filed a Complaint and Emergency Motion for Injunction on behalf of himself and twelve other Plaintiffs. As a preliminary matter, Plaintiff, who is proceeding *pro se* and appears to be a nonlawyer, cannot represent the other plaintiffs. *See Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se* provides a personal right that does not extend to the representation of the interests of others.). Thus, Mark Benson is the only Plaintiff in this action.

Benson sues the Hernando County School District Board, Superintendent of Schools John Stratton, General Counsel Dennis Alfonso, Board Chair Linda Prescott, board members Susan Duval and Kay Hatch, vice-chair Gus Guadagnino, Director of Human Resources Raymond Pinder ("Pinder"), and Deputy B. Croft for alleged constitutional violations. Doc. 1. Benson alleges that on May 25, 2021, he was refused entry to a public school board meeting by Pinder. *Id.* at 3. He further alleges that Deputy Croft forced him to leave a public school board meeting that was held August 24, 2021. *Id.* He states that Hernando County School Board has called an emergency meeting to be held Tuesday August 31, 2021, at 3:30 p.m. to vote on mask mandates for all children in the Hernando County School District. *Id.* at 3–4. He alleges that the Hernando County School Board's recurrent conduct of imposing mask mandates for

school-aged children despite vocal protests by a majority of parents, violates the First, Fourth, Ninth, and Tenth Amendments to the United States Constitution. *Id.*

Although Benson's complaint is titled a "Complaint and Emergency Motion for Injunction," his request for emergency injunctive relief does not comply with the procedural requirements of the Federal Rules and the Local Rules of this Court. Local Rule 6.01 provides that a party seeking a temporary restraining order must file a motion with a supporting legal memorandum and a proposed order. M.D. Fla. Local Rule 6.01(a). The legal memorandum must establish "(1) the likelihood that the movant ultimately will prevail on the merits of the claim, (2) the irreparable nature of the threatened injury and the reason that notice is impractical, (3) the harm that might result absent a restraining order, and (4) the nature and extent of any public interest affected." M.D. Fla. L.R. 6.01(b).  Additionally, the motion shall include "Temporary Restraining Order" in the title, contain a precise and verified description of the conduct and the persons subject to restraint, and provide a precise and verified explanation of the amount and form of the required security. M.D. Fla. L.R. 6.01(a).

The requirements for a preliminary injunction are the same except the motion should include "Preliminary Injunction" in the title, must attach each paper on which the movant relies, and the movant is required to provide notice to each affected person as soon as practical M.D. Fla. L.R. 6.02. The Federal Rules similarly provide that a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65.

There is no indication that Benson has provided notice to Defendants. Moreover, Benson has not filed a motion and/or memorandum of law requesting injunctive relief, has not provided a proposed order, and has not set forth the requirements necessary to demonstrate he is entitled to injunctive relief. Nor has he provided an explanation of the amount and form of security. Thus, his motion for an injunction is procedurally flawed and due to be denied on that basis alone. Even if the Court construes his Complaint as a motion for temporary restraining order or for preliminary injunction, however, his construed motion nevertheless fails.

Federal Rule of Civil Procedure 65(b)(1) authorizes the court to issue a temporary restraining order where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." A temporary restraining order "is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)).

To obtain a temporary restraining order or preliminary injunction, a movant must show: (1) a substantial likelihood of success on the merits; (2) an irreparable injury in the absence of the requested injunction; (3) a threatened injury that exceeds any injury to the non-moving party caused by the injunction; and (4) that public policy favors such an order. *Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-SDM-AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons*

*Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003));

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also*

M.D. Fla. L.R. 6.01, 6.02 (requiring a party requesting a temporary restraining order or preliminary injunction to submit a brief or memorandum addressing these factors).

Benson fails to establish the necessity for a temporary restraining order or preliminary injunction in this case. He has not demonstrated a substantial likelihood of success. He has not alleged that he suffered any injury, let alone an "irreparable" injury. Benson's construed motion fails to address the prerequisites for issuance of a temporary restraining order or preliminary injunction. Because his construed motion is procedurally flawed and he fails to satisfy the requirements to obtain the extraordinary remedy of injunctive relief, Benson's construed motion is due to be denied. Accordingly, it is hereby

**ORDERED**:

1.   Plaintiff Mark Bradford Benson's Construed Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 1) is **DENIED**.

2.   Because Benson cannot represent the other twelve Plaintiffs, the Clerk is directed to terminate the other named Plaintiffs and update the docket accordingly.

**DONE AND ORDERED** in Tampa, Florida on August 27, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:   Mark Benson, *pro se*
             Counsel of Record and Unrepresented Parties, if any

5